# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **FARHOD BOBOMIRAZAEV,** § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-77 |
| § | |
| **WARDEN, MIGUEL VERGARA, TODD** § | |
| **LYONS, KRISTI NOEM, and PAMELA** § | |
| **BONDI,** § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner's Verified Petion for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief. (Dkt. No. 1). This Petition challenges Petitioner's custody by U.S. Immigration and Customs Enforcement (ICE) at the Rio Grande Processing Center in Laredo, Texas. (Dkt. No. 1 at 1) on statutory and constitutional grounds.

The Petitioner in this case filed another Petition *pro se* involving the same allegations of unlawful detention, and the matter is pending before the Court. *Bobomirzaev v. Bondi et al,* No. 5:25-cv-297 (S.D. Tex. Dec. 30, 2025) (Dkt. No. 1).

Rule 42 of the Federal Rules of Civil Procedure authorizes the court to consolidate actions before it that involve common questions of law or fact. FED. R. CIV. P. 42(a)(1)-(2). The purpose of consolidation is to "avoid unnecessary costs or delay." *Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1532 (5th Cir. 1993); *see also* Rule 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973).

The Court finds that there is overlap of the factual and legal issues presented by the two Petitions. Petitioner is **ORDERED** to file an advisory as to why the two actions should not be consolidated no later than **Friday, January 23rd at 12:00 p.m.**

It is so **ORDERED**.

**SIGNED** on January 21, 2026.

John A. Kazen
United States District Judge